**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 14-10080 (KJC) |
| PLEXTRONICS, INC., | |
| Debtor. | (Jointly Administered) |
| | Hearing: March 6, 2014, 10:00 AM |
| | Objection Due: February 28, 2014, 5:00 PM |

**OBJECTION BY THE UNITED STATES TO (1) THE
SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, AND (2) THE NOTICE
OF DEBTOR'S REQUEST FOR AUTHORITY TO ASSUME AND ASSIGN CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The United States, on behalf of its agencies, the National Institute of Standards and Technology ("NIST"), an operating unit of the Department of Commerce, and the Department of Energy ("DOE"), through undersigned counsel, objects to the Debtors' Motion for Entry of (I) an Order (A) Authorizing and Approving Bidding Procedures in Connection with the Sale of Substantially all of the Debtor's Assets, (B) Authorizing and Approving Reimbursement of the Stalking Horse Purchaser's Expenses, (C) Authorizing and Approving Procedures Related to the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Sale, (D) Scheduling Auction and Sale Approval Hearing, (E) Approving the Form and Manner of the Notice of the Sale Hearing, and (F) Granting Certain Related Relief, and (II) an Order (A) Approving the Sale of Substantially all of the Debtor's Assets, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (C) Granting Certain Related Relief ("Motion"). (DE 8). The United States

1

further objects to the relief sought in the Notice of Debtor's Request for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Debtor's Proposed Cure Amounts ("Notice") (DE 81). In support of its objection, the United States avers as follows:

1. On January 16, 2014, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (DE 1).

2. On January 17, 2014, the Debtor filed the Motion. Attached to the Motion (DE 8-2) is the proposed Order (A) Authorizing and Approving (1) the Sale of Substantially all of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances and other Interests; and (2) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (B) Granting Related Relief ("Sale Order").

3. On February 14, 2014, the Debtor filed the Notice.

4. Pursuant to the Notice, the Debtor seeks to assume and assign a Cooperative Research and Development Agreement dated 9/26/2013, with NIST ("NIST CRADA") as an executory contract. The NIST CRADA provides for mutual research to characterize the surface and bulk compositions, functionality, packing order, orientation and film density of Plextronics, Inc.'s proprietary Plexcore materials used in generating intractable hole transporting layers for organic thin film display applications. The central focus of the NIST CRADA is to identify key structural and compositional differences that exist between identified material sets that may be dominant factors limiting lifetime and efficiency in these applications.

5. Pursuant to the Notice, the Debtor also seeks to assign as an executory contract a subsequently modified Cooperative Research and Development Agreement dated May 9, 2008, with the National Renewable Energy Laboratory ("DOE Interests").[1]

6. The Notice provides for zero cure amounts for both the NIST CRADA and the DOE Interests (collectively, "CRADAs"). The United States is still in the process of reviewing its records and it objects to the setting of zero cure amounts for the CRADAs because it has not had sufficient time to complete its records review.

7. The United States objects to the Motion because it contains provisions which are extremely prejudicial to the rights of the United States. This is evidenced in Paragraphs 17 and 21 of the Sale Order:

> 17. To the extent any provision in any Assigned Contract assumed or assumed and assigned (as applicable) pursuant to this Sale Order (including, without limitation, any "change of control" provision) (a) prohibits, restricts or conditions, or purports to prohibit, restrict or condition, such assumption or assignment…then such provision shall be deemed modified so as not to entitle the non- Debtor party there to prohibit, restrict or condition such assumption or assignment, to modify or terminate such Assigned Contract, or to exercise any other default-related rights or remedies with respect thereto… All such provisions constitute unenforceable anti-assignment provisions that are void and of no force and effect pursuant to sections 365(b), 365(e) and 365(f) of the Bankruptcy Code.
>
> 21. All Contract Counterparties to the Assigned Contracts shall be deemed to have consented to such assumption and assignment under section 365(c)(1)(B) of the Bankruptcy Code and the Buyer or Buyer Designee shall enjoy all of the Debtor's rights, benefits and privileges under each such Assigned Contract as of the

---

[1] DOE Interests also include an amended Work for Others Agreement No. NFE-12-04224 with UT-Batelle, the management and operating contractor for the DOE Oak Ridge National Laboratory, operating under DOE Prime Contract No. DE-ACO5-00OR22725, which was listed in the Notice.

applicable date of assumption and assignment without the necessity to obtain any non-Debtor parties' written consent to the assumption or assignment thereof.

The United States objects to the assumption and assignment of any of its contracts and agreements, including but not limited to the CRADAs, to the extent the Debtor fails to obtain the consent of the United States and to comply with all applicable non-bankruptcy federal law. The Debtor is not entitled to assume and assign any contract with the United States without its consent. Under 11 U.S.C. § 365(c)(1) the Debtor "may not assume or assign any executory contract or unexpired lease of the debtor…if applicable law excuses such a party, other than the debtor, to such a contract or lease from accepting performance from or rendering performance to any entity other than the debtor or the debtor in possession." Moreover, the Assignment of Contract Act, 41 U.S.C. § 6305, provides:

> The party to whom the Federal Government gives a contract or order may not transfer the contract or order, or any interest in the contract or order, to another party. A purported transfer in violation of this subsection annuls the contract or order so far as the Federal Government is concerned, except that all rights of action for breach of contract are reserved to the Federal Government.

The Third Circuit has confirmed that under the Assignment of Contracts Act, debtors may not assign or assume any executory contract with the United States without first obtaining its consent. In re West Electronic, Inc., 852 F.2d 79, 83 (3d Cir. 1988). It is imperative to preserve the Government's ability to determine with whom to contract. Section 363 of the Bankruptcy Code, upon which the sale process primarily relies, does not preempt non-bankruptcy law in this regard.

8. The United States objects to the Sale Order to the extent that it negatively affects its appeal rights. The Sale Order provides:

4

34. Pursuant to Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the stays provided in Bankruptcy Rules 6004(h) and 6006(d) are hereby expressly waived and shall not apply. Accordingly, the Debtor is authorized and empowered to close the Sale and other Transactions immediately upon entry of this Sale Order.

By including these provisions in the Sale Order, the Debtor is attempting to circumvent the appeal rights of the United States. Pursuant to Rules 6004(h), 6006(d) and 7062 of the Federal Rules of Bankruptcy Procedure, unless otherwise ordered by the Court, there is an automatic fourteen day stay imposed from the date of entry of the order. Under the Debtor's proposed scheme, if the United States is unable to immediately obtain a hearing before the appropriate Court to seek a stay, its appeal may be contended to be moot. Particularly in light of the fact that the appellant in this case would be a government agency, with a chain of command to be consulted, this unilateral ability of the Debtor and the Purchaser to truncate the stay period would be unfair and prejudicial to the government.

**WHEREFORE**, the United States requests, with respect to the CRADAs, that the Court deny the relief sought in the Motion and the Notice for the reasons stated above.

CHARLES M. OBERLY, III
United States Attorney

By: */s/ Ellen W. Slights*
Ellen W. Slights
Assistant United States Attorney
Delaware State Bar No. 2782
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

Dated: February 28, 2014

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PLEXTRONICS, INC., | : | |
| | : | Case No. 14-10080 (KJC) |
| | : | |
| | : | |
| | : | |
| | : | **Hearing Date: March 6, 2014, at 10:00 a.m.** |
| Debtors. | : | **Objections Due: February 28, 2014, at 5:00 p.m.** |

## AFFIDAVIT OF SERVICE

I, Marie Steel, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on February 28, 2014, a copy of the **OBJECTION BY THE UNITED STATES TO (1) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, AND (2) THE NOTICE OF DEBTOR'S REQUEST FOR AUTHORITY TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES** was served electronically or by telefax, unless otherwise indicated, upon:

Paul J. Cordaro, Esquire
Campbell & Levine, LLC
1700 Grant Building
310 Grant Street
Pittsburgh, PA  15219
**Via Facsimile: (412) 261-5066**

Office of the United States Trustee
844 King Street
Suite 2207
Wilmington, DE 19801
**Via Facsimile (302) 573-6497**

Mark T. Hurfordl, Esquire
Campbell & Levine, LLC
222 Delaware Avenue, Suite 1600
Wilmington, DE  19801
**Via Facsimile: (302) 426-9947**

Thomas S. Kiriakos, Esquire
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
**Via Facsimile: (312) 706-8232**

1

| | |
|---|---|
| William E. Chipman, Esquire<br>Cousins Chipman & Brown, LLP<br>1007 North Orange Street, Suite 1100<br>Wilmington, DE  19801<br>**Via Facsimile: (302) 295-0199** | Plextronics, Inc.<br>2180 William Pitt Way<br>Pittsburgh, PA  15238<br>**Via U.S. Mail** |

*/s/Marie Steel*
Marie Steel
